**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**MILLENNIUM TRAVEL &**
**PROMOTIONS, INC.,**

           **Plaintiff,**

**-vs-**                                            **Case No. 6:07-cv-1303-Orl-31DAB**

**V.I.P. TRAVEL RESERVATIONS, INC.,**
**JULIE J. McCOLLUM,**

           **Defendants.**
_____/

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **DEFENDANTS' AMENDED MOTION TO COMPEL (Doc. No. 22)** |
| **FILED:** | **January 14, 2008** |

**THEREON** it is **ORDERED** that the motion is **DENIED** as moot.

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S RESPONSE IN OPPOSITION AND MOTION FOR PROTECTIVE ORDER (Doc. No. 23)** |
| **FILED:** | **January 15, 2008** |

**THEREON** it is **ORDERED** that the motion is **GRANTED** in part.

Defendants seek to compel responses to interrogatories and requests for production served on November 8, 2007, and (with extension) due on December 22, 2007. Doc. No. 22. Plaintiff responds

that the only responsive documents it has were already produced with its initial disclosures; thus, the Motion is moot as to the requests for production.

As to the interrogatories and Plaintiff's objections, Plaintiff contends (1) it had received an extension until January 11, 2008 to respond, thus its objections were not waived; and (2) the number of interrogatories exceeded the twenty-five allowed in the Federal Rules of Civil Procedure, which is not a waivable objection.

It is clear from Plaintiff's Response to the Motion and the attached email exhibit that a prpoper good faith conference, pursuant to Local Rule 3.01(g) did not occur. Defendants' Amended Motion to Compel states counsel "conferred with opposing counsel in a good faith effort to resolve th[e] matter"; it mentions nothing of the illness of Plaintiff's counsel as the reason for the delay, as set forth in the email to Defendants' counsel, Douglas Daniels. The lack of full compliance with Rule 3.01(g) also led to the initial denial without prejudice of Defendants' Motion to Compel. Doc. No. 21.

Based on counsel for Plaintiff's representations and the emails attached, Plaintiff received an explicit or implicit extension from Defendants' counsel and has not waived its objections to Defendants' interrogatories. Moreover, several of the interrogatories contain discrete subparts and the total interrogatories exceed the twenty-five allowable under Rule 33(a)(1)[1]. Plaintiff must respond to the first twenty-five interrogatories to the extent the information sought is not objectionable. Fed. R. Civ. P. 33(b)(3). Plaintiff has offered the Defendants the opportunity to revise their interrogatories within the twenty-five limit, which the parties may negotiate between themselves without further court intervention.

---

[1] "Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Fed. R. Civ. P. 33(a)(1). No application for additional interrogatories has been made.

The Motion to Compel is **DENIED as moot,** save for a reminder to Plaintiff of its ongoing obligation to supplement its document production, as appropriate (*see* Rule 26(e), Fed. R. Civ. P.).

**DONE** and **ORDERED** in Orlando, Florida on January 17, 2008.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record