# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

MILLENNIUM TRAVEL &
PROMOTIONS, INC.,

**Plaintiff,**

-vs-                                                    Case No.  6:07-cv-1303-Orl-31DAB

V.I.P. TRAVEL RESERVATIONS, INC.,
and JULIE JOHNSON McCOLLUM,

**Defendants.**

_____/

# ORDER

This matter comes before the Court on a Motion for Summary Judgment filed by

Defendants (Doc. 35) and Plaintiff's Response thereto (Doc. 43).[1]

## I. Factual Background

Plaintiff Millennium Travel & Promotions, Inc ("Millennium") and Defendant V.I.P.

Travel Reservations, Inc. ("VIP") are both in the business of selling and fulfilling travel

certificates.[2] Defendant Julie Johnson ("Johnson")[3] is the sole officer, director and shareholder of

_____

[1]Plaintiff has also filed a Motion for Summary Judgment (Doc. 36), however, that motion is not yet ripe.

[2]These travel certificates (*See, e.g.* Doc. 1 at 6, 8) are used for promotional purposes and provide consumers with, for example, free airfare and free hotel rooms. However, the offers are subject to several conditions and limitations. Furthermore, the consumers are responsible for paying all additional costs of their trips (i.e. meals, transportation to and from the airport, etc.), as well as various taxes and fees. In the end, the "free travel" is illusory. (*See* Johnson Aff. at 1).

[3]The name "McCollum", contained in the style of this case, is Defendant's married name, which she stopped using after her divorce, eight years ago. Therefore, this Court will refer to her by

VIP. Classic Promotions and Incentives, Inc. ("Classic") has purchased travel certificates, for resale, from both VIP and Millennium in the past. Mark Vanginhoven ("Vanginhoven")  and his brother are 50/50 shareholders and the sole officers and directors of Classic. Classic stopped doing business with Millennium in approximately December of 2006, but continues to do business with VIP. (Vanginhoven Depo. at 25).

Typically, Classic pays VIP approximately $20 each for travel certificates, which Classic resells to its clients for approximately $25 each. VIP is then responsible for fulfilling the travel certificates by providing the travel to the consumers. However, at some point prior to January of 2007, Vanginhoven decided to create his own travel certificates, entitled "By Air & By Sea", which he instructed his assistant Donna Gallagher ("Gallagher") to type up. (Vanginhoven Depo. at 50-53). He gave Gallagher a copy of one of Millenium's travel certificates to use as a guide in creating the terms and conditions section of the By Air & By Sea certificates. *Id*.

It is undisputed that VIP and Johnson had no knowledge of the By Air & By Sea certificates until after they had been distributed. (Johnson Depo. at 16-17;  Vanginhoven Depo. at 55-56). After Johnson discovered what Vanginhoven had done, she reviewed the certificates and agreed to fulfill them for him, but told him she was upset that he put VIP's name on something without her permission. (Johnson Depo. at 17; Johnson Aff. at 2-3).  Johnson decided to charge Classic $16.25 each to fulfill these certificates – a discounted rate because Classic had done all the printing and distribution. (Johnson Aff. at 3). Johnson testified that she did not know that the terms and conditions section of the By Air & By Sea certificates was similar to Millennium's certificates

_____

the name she currently uses: Julie Johnson.

until after this lawsuit for copyright infringement was filed. (Johnson Depo. at 28; Johnson Aff. at 3).

## II. Standard of Review

A party is entitled to summary judgment when the party can show that there is no genuine issue as to any material fact. FED. R. CIV. P. 56(c); *Beal v. Paramount Pictures Corp.*, 20 F.3d 454, 458 (11th Cir. 1994). Which facts are material depends on the substantive law applicable to the case. .*Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).  The moving party bears the burden of showing that no genuine issue of material fact exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Watson v. Adecco Employment Svc., Inc.*, 252 F. Supp. 2d 1347, 1352 (M.D. Fla. 2003).

When a party moving for summary judgment points out an absence of evidence on a dispositive issue for which the non-moving party bears the burden of proof at trial, the non-moving party must "go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986) (internal quotations and citation omitted). Thereafter, summary judgment is mandated against the non-moving party who fails to make a showing sufficient to establish a genuine issue of fact for trial. *Id*. at 322, 324-25; *Watson*, 252 F. Supp. 2d at 1352. The party opposing a motion for summary judgment must rely on more than conclusory statements or allegations unsupported by facts. *Evers v. Gen. Motors Corp.*, 770 F.2d 984, 986 (11th Cir. 1985) ("conclusory allegations without specific supporting facts have no probative value").

"Courts must construe the facts and draw all inferences in the light most favorable to the nonmoving party . . . [e]ven though the facts accepted at the summary judgment stage of the proceedings may not be the actual facts of the case." *Davis v. Williams,* 451 F.3d 759, 763 (11th Cir. 2006) (internal citations and quotations omitted). The Court is not, however, required to accept all of the nonmovant's factual characterizations and legal arguments. *Beal*, 20 F.3d at 458-59. If material issues of fact exist, the Court must not decide them, but rather, must deny the motion and proceed to trial. *Herzog v. Castle Rock Entertainment,* 193 F.3d 1241, 1246 (11th Cir. 1999).

## III. Legal Analysis

Plaintiff argues that Johnson and VIP are responsible for the infringing acts of Classic and/or Vanginhoven under an agency theory. (Doc. 43 at 2). "Agency is the fiduciary relation which results from the manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the other so to act." *Raney v. Aware Woman Ctr. for Choice, Inc.*, 224 F.3d 1266, 1268 (11th Cir. 2000).  The relationship between Classic and VIP is that of buyer and seller – VIP is a seller of services (represented by the allegedly infringing certificates), and Classic acts as a wholesaler between VIP and the ultimate consumers. There is no indicia of an agency relationship between them. Accordingly, because Plaintiff has presented no other theory of liability, Defendants are entitled to summary judgment on all claims.

**IV. Conclusion**

Accordingly, it is

**ORDERED** that Defendants' Motion for Summary Judgment (Doc. 35) is **GRANTED** and all other pending motions are **DENIED** as moot. The Clerk shall enter judgment in favor of Defendants and close the file.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on May 27, 2008.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party